**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

ALLOC, INC.,

                Plaintiff,

    vs.

                                        Case No. 02-C-1266

UNILIN DÉCOR N.V. and UNILIN BEHEER B.V.,

                Defendants,

    vs.

BERRY FLOOR N.V., BERRY FINANCE, N.V., and
ARMSTRONG WORLD INDUSTRIES, INC.,

                Counterclaim Defendants.

---

UNILIN DÉCOR N.V. and UNILIN BEHEER B.V.,

                Plaintiffs,

    vs.

                                        Case No. 03-C-342
                                        [Consolidated with
                                         Case No. 02-C-1266]

VÄLINGE ALUMINUM AB, ALLOC, INC., and
BERRY FLOOR N.V.,

                Defendants.

**UNILIN BEHEER B.V. and UNILIN DÉCOR N.V.,**

          **Plaintiffs,**

 vs.                **Case No. 04-C-121**
                  **[Consolidated with**
                  **Case No. 02-C-1266]**

**VÄLINGE ALUMINUM AB,**
**ALLOC, INC.,**
**BERRY FLOOR N.V., and**
**ARMSTRONG WORLD INDUSTRIES, INC.,**

          **Defendants.**

---

## DECISION AND ORDER

---

   This is a patent infringement/invalidity action involving competitors and associated business entities in the laminated flooring business. Unilin Décor N.V. and Unilin Bebeer B.V. (collectively "Unilin"), invoking Civil L.R. 7.4 (E.D. Wis.), seek reconsideration of a portion of the Court's August 29, 2005, decision and order granting Alloc's August 1, 2005, motion to compel. Specifically, Unilin questions the Court's decision compelling certain Unilin witnesses to answer questions, posed during their depositions, related to testing of the accused (the allegedly infringing) product. Unilin also seeks leave to file a reply brief in support of its motion for reconsideration.

   Alloc asserts that the motion for reconsideration is lacking in merit because this Court's ruling is both correct and consistent with the requirements of *Loctite Corp. v. Fel-Pro,*

*Inc.*, 667 F.2d 577 (7th Cir. 1981). Alloc states that *Loctite* stands for the proposition that a party cannot withhold the basis for filing a patent infringement case under the "work product" doctrine.

Unilin seeks leave to file a reply brief to respond to Alloc's reading of *Loctite*, a case that was uncited in the prior briefing. Alloc opposes Unilin's substantive arguments, but not the filing of the reply brief. In the exercise of the Court's discretion, Unilin's motion to file a reply brief is granted to give Unilin an opportunity to present its interpretation of *Loctite*.

In its prior order, this Court ruled that, as articulated in *Hickman v. Taylor*, 329 U.S. 495 (1947), the "work product" doctrine protects documents and other tangible objects prepared in anticipation of litigation. The testimony of a witness about the testing of an accused product is neither a document nor other tangible object and thus, Unilin improperly instructed its witnesses not to answer any question about testing done in anticipation of, or preparation for, this litigation. The Court directed Unilin to produce Filip Tack ("Tack"),[1] Bernard Theirs ("Theirs"),[2] Mark Cappelle ("Cappelle"),[3] and Guy Van Hooydonck ("Van Hooydonck")[4] for further deposition at Unilin's expense.[5]

---

[1] Tack, in-house counsel to Unilin, is its witness designated to testify under Fed. R. Civ. P. 30(b)(6) on testing or experimentation on the accused product. *See* Attach. 1 (Tack Dep.) at 6-7 to Alloc Civil L.R. 7.4 Mot. to Compel.

[2] Theirs, a managing director of the companies in the Unilin group, is the inventor listed on the '486 and '436 Patents. *See* Attach. 3 (Theirs Dep.) at 6-7 to Alloc Civil 7.4 Mot. to Compel.

[3] Cappelle performed some tests at the request of Tack, in-house counsel for Unilin. *See* Attach. 4 (Capelle Dep.) at 174 to Alloc Civil 7.4 Mot. to Compel.

[4] Van Hooydonck is the Unilin patent attorney. *See* Attach. 5 (Van Hooydonck Dep.) at 95 to Alloc Civil L.R. 7.4 Mot. to Compel.

[5] Unilin's motion for reconsideration does not address the Court's August 29, 2005, rulings that: (1) any documents relating to testing of the accused product are discoverable unless they fall within the scope of the "work product" doctrine; that is, they were prepared in anticipation of, or in preparation for trial; and, (2) any testing documents withheld by Unilin under the "work product" doctrine will not be admissible at the trial of this matter. Those portions of the Court's rulings on Alloc's motion to compel stand.

Although citing *Hickman*, this Court relied upon the codification of the "work product" doctrine as found in Fed. R. Civ. P. 26(b)(3). In opposing the motion to compel, Unilin stated "the tests fall entirely within the attorney work product protection of Rule 26(b)(3) of the Federal Rules of Civil Procedure." (Unilin Mem. in Opp'n to Alloc's Mot. to Compel Dep. Test. and Produc. of Docs. at 1.) Unilin also informed the Court that "a number of courts held that because the types of tests, and the manner in which the tests were conducted, provide insight into Unilin's attorney's opinions, mental processes and theories of infringement, information about the tests deserves more stringent protection given to opinion work product, and are essentially immune from discovery." *Id.* (citing *Vardon Golf Co. v. BBMG Golf Ltd.*,[6] 156 F.R.D. 641 (N.D. Ill. 1994); *Smithkline Beecham Corp. v. Pentech Pharm., Inc.*,[7] No. 00-C-18281, 2001 U.S. Dist. LEXIS 18281, at *15 (N.D. Ill. Nov. 5, 2001); *Shoemaker v. Gen. Motors Corp.*, 154 F.R.D. 235, 236 (W.D. Mo. 1994)[8]). Additionally, Unilin cited *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*,[9] No. 00-C-1926, 2000 U.S. Dist. LEXIS 18917, *11-12 (N.D. Ill. 2000) and

---

[6]No pinpoint citation was provided for this case. *Vardon*, a patent infringement action, discussed the "work product" doctrine in conjunction with requests for production. 156 F.R.D. at 646-50. In that case, the court held that an attorney's selection of golf clubs to be vivisected and photographed was protected as attorney-opinion "work product." *Id*. The "work product" doctrine was applied to protect documents and tangible things.

[7]*Smithkline*, a patent infringement action, involved the application of the "work product" doctrine to documents. 2001 U.S. Dist. LEXIS 18281, at *15.

[8]*Shoemaker* denied the plaintiffs' motion to attend testing performed by the defendant related to the plaintiffs' cause of action. 154 F.R.D. at 236. The court held that attendance at such testing was barred because the presence of the plaintiffs' counsel would reveal protected attorney "work product" as well as consulting expert information. *Id*.

[9]*Trustmark* involved a motion to compel the production of documents. 2000 U.S. Dist. LEXIS 18917, at *11-12. In both its original opposition brief and its motion to reconsider, Unilin has quoted language pertaining to the *Trustmark* court's discussion of the protected nature of opinion "work product." However, that discussion was limited to the application of the doctrine to documents.

*Logan v. Comm. Union Ins.*,[10] 96 F.3d 971, 976 (7th Cir. 1996). (Unilin Mem. in Opp'n to Alloc's Mot. to Compel Dep. Test. and Produc. of Docs. at 2, 4).

Alloc's motion to compel sought to override the instructions given by Unilin's counsel that witnesses should not answer questions relating to testing of the allegedly infringing product. Distinguishable from the current situation, the cases cited by Unilin, with the exception of *Shoemaker*, relate to the production of documents — not to questions presented at a deposition. *Shoemaker* too is inapposite because Alloc is not asking to be present at any testing. Unilin's cited cases do not justify its refusal to answer deposition questions based on the "work product" doctrine.

The Court and Unilin approached the issue from different perspectives. Unilin was attempting to persuade the Court that the information sought through the depositions was "opinion work product" material, which has been afforded greater protection than "ordinary work product" materials. The Court asked a more fundamental question — whether the testimony, itself, was protected under the "work product" doctrine –– a proposition not addressed by any of the cases cited in Unilin's opposition brief. Unilin assumed the "work product" doctrine applied to the contested testimony and, thus, its brief was silent on the matter. This was a risky tactic.

Read literally, Rule 26(b)(3) applies only where a civil litigant seeks production of tangible information in another's possession. *See In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1013 (1st Cir. 1988). As the party objecting to discovery, Unilin had the burden

---

[10] *Logan* involved the appeal of a trial court's finding that certain documents were protected as privileged "work product." 96 F.3d at 976.

of establishing that material sought by the motion to compel was protected. *Logan*, 96 F.3d at 976; *Binks Mfg. v. Nat'l Presto Indust. Inc.*, 709 F.2d 1109, 1118-19 (7th Cir. 1983). "[W]ork product immunity is not established by the simple assertion of the claim and the recitation of some magic words." *Research Inst. for Med. and Chem., Inc. v. Wis. Alumni Research Found.*, 114 F.R.D. 672, 679 (W.D. Wis. 1987). Contrary to Unilin's assumptions, the applicability and exact contours of the "work product" doctrine with respect to oral testimony are not well-defined in the case law.

Now, in response to the Court's ruling, Unilin argues the work product doctrine should extend beyond tangible materials. Acknowledging that Rule 26(b)(3) explicitly discusses only "tangible materials," Unilin states that "it is well and widely settled that *Hickman* itself protects an intangible work product, including testimony." (Unilin's Mot. for Recons. of the Court's Aug. 29, 2005, Decision and Order (Rule 7.4 Expedited Non-Dispositive Mot.) at 1 (citing cases).)

The Court of Appeals for this circuit has not yet addressed the issue of whether the "work product" doctrine protects intangibles.[11] However, several federal circuit courts of appeals have found that the "work product" doctrine does extend to intangibles. *See United States v. One Tract of Real Prop.*, 95 F.3d 422, 428 n.10 (6th Cir. 1996); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986); *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985); *In re Sealed*

---

[11]*Russell v. Gen. Elec. Co.*, 146 F.R.D. 578, 581 (N.D. Ill. 1993), acknowledged that the language of Rule 26(b)(3) refers only to documents and other tangible things, but followed the courts that have held that a "deponent in the course of a deposition may not be asked questions that would reveal expressly his or his lawyer's mental impressions, conclusions, opinions, or legal theories concerning the instant litigation." *See also*, *Barrett Indus. Trucks, Inc. v. Old Republic Ins. Co.*, 129 F.R.D. 515, 518 (N.D. Ill. 1990) ("Although [Rule 26(b)(3)] addresses explicitly only documents and other tangible things, in a limited way the work product doctrine also operates to circumscribe the scope of depositions upon oral examination.")

*Case*, 856 F.2d 268, 273 (D.C. Cir. 1988). *See also*, 8 Charles Alan Wright, Arthur R. Miller, *Federal Practice and Procedure*, § 2024 at 337-38 (3d ed. 1994); 6 James Wm. Moore, *Moore's Federal Practice*, §26.70(2)(c)(3d ed. 2005). *But see, In re Pfohl Bros. Landfill Litig.*, 175 F.R.D. 13, 27 (W.D. N.Y. 1997) ("The attorney work-product doctrine, however, protects only *tangible* documents prepared by an attorney or by an attorney's agent and on behalf of the attorney." (citing *United States v. Nobles*, 422 U.S. 225, 238-39, 239 n.13 (1975).); *In re Savitt/Adler Litig.*, 176 F.R.D. 44, 47-48 (N.D.N.Y. 1997); *Boyer v. Bd. of County Comm'rs of the County of Johnson*, 162 F.R.D. 687, 688-89 (D. Kan. 1995).

*Hickman* recognized that, to protect the adversary process, a zone of privacy must exist within which attorneys may develop their legal theories. *See* 329 U.S. at 510-11. Focusing only on tangible documents, attorneys could easily circumvent the "work product" doctrine by asking questions during a deposition that elicit opposing counsel's mental impressions, conclusions, opinions, or legal theories. *See* Fed. R. Civ. P. 26(b)(3); *Barrett Indus. Trucks, Inc.*, 129 F.R.D. at 518.

Thus, based upon the authorities now presented by Unilin, the Court deems it appropriate under *Hickman* to expand the "work product" doctrine beyond the confines of tangible documents. "[A] necessary corollary is that protected work product contained in documents and tangible things cannot be obtained through less tangible methods such as the deposition questioning of persons with knowledge of the protected information." *Niagra Mohawk Power Corp v. Stone & Webster Eng'g*, 125 F.R.D. 578, 586 (N.D.N.Y. 1989).[12]

---

[12] *Ford v. Philips Elec. Instruments Co.*, 82 F.R.D. 359, 360 (E.D. Pa. 1979) contains an excellent discussion of why the protection of mental impressions, conclusions, opinions and legal theories is not limited to those embodied in documents.

However, lest the extension of the "work product" doctrine to intangibles unrestrictedly expand the doctrine, the protected intangible information must be considered against the doctrine's intended purpose and limited within that purpose – it must protect the lawyer's (or the lawyer's agent's) mental impressions, conclusions, opinions or legal theories concerning the instant litigation. Specifically, "a deponent in the course of a deposition may not be asked questions that would reveal expressly his or his lawyer's mental impressions, conclusions, opinions, or legal theories concerning the instant litigation." *Barrett Indus. Trucks, Inc.*, 129 F.R.D. at 518 (quoting *Hydramar, Inc. v. Gen. Dynamics Corp.*, 119 F.R.D. 367, 372 (E.D. Pa. 1988)).[13] However, the "work product" doctrine does not protect discovery of the underlying facts of a particular dispute, even if a deponent's response to a particular factual question is based upon information provided by counsel. *Barrett Indus. Trucks, Inc.*, 129 F.R.D. at 518; *In re ContiCommodity Serv., Inc., Sec. Litig.*, 123 F.R.D. 574, 577 (N.D. Ill. 1988). Any fact derived from the testing of the accused product, is not encompassed by the "work product" doctrine and is subject to inquiry. *See Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995).

Applying these principles, the Court partially denies Unilin's motion for reconsideration. Alloc may elicit from Tack, Theirs, Cappelle, and Van Hooydonck, facts about what tests and/or studies were done in anticipation of litigation, facts derived from such testing

---

[13]*Barrett Indus. Trucks, Inc.*, 129 F.R.D. at 518, further states:

As noted in Wright and Miller: The courts have consistently held that the work product concept furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery. 8 Wright & Miller, *Federal Practice & Procedure*, § 2023, at 194 (1970).

and/or studies, and facts about the existence or non-existence of documents relating to such testing and/or studies, even though the related documents themselves may not be subject to discovery. However, insofar as Alloc seeks to elicit the deponents' knowledge of the accused product test or study results indicating infringement of the Unilin patent claims, those questions are improper as tending to disclose the mental impressions, conclusions, opinions, or legal theories of Unilin's attorneys. *See Barrett Indus. Trucks*, 129 F.R.D. at 518.

Alloc raises another objection to Unilin's motion for reconsideration. Alloc argues that *Loctite*, 667 F.2d at 582, also requires that Unilin's witnesses divulge the information about Unilin's testing of the accused product. *Loctite* addressed dismissal of a chemical patent infringement action as a sanction for the plaintiff's evasion of, and failure to comply with discovery orders requiring specification of the allegedly infringing ingredients. As the appeals court explained, infringement of a chemical patent "can only be proven where there is an identity of the ingredients in the same proportion as the patent claims provide. 'It is not enough . . . for the purpose of establishing infringement to show that someone else has made, by using different ingredients, a composition that has the same useful qualities.'" *Loctite*, 667 F.2d at 582 (quoting *Am. Chem. Paint Co. v. Firestone Steel Prods. Co.*, 667 F.2d 577, 582 (6th Cir. 1941).)

While Alloc asserts that *Loctite*'s holding applies in all patent cases, such a broad application is unlikely because a chemical patent is a "unique category of patent." *See J.T. Eaton & Co., Inc. v. Atl. Paste & Glue Co.*, No. CV-84-4438, 1987 WL 17084, at *4 n.2 (E.D.N.Y. Aug. 3, 1987). In *Loctite*, the defendant's discovery of the tests performed by the plaintiff was ordered because establishing the presence of specific ingredients is the only basis for establishing

a justiciable controversy in a chemical patent action. *Id.* This case does not involve a chemical patent. Furthermore, Alloc seeks information about test results that do not constitute the **sole** basis of Unilin's infringement action. *See J.T. Eaton & Co.*, 1987 WL 17084, at *4 n.2; *Vardon Golf*, 156 F.R.D. at 649 n.2. Therefore, *Loctite* is not binding precedent on the present discovery issue.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Unilin's Civil L.R. 7.4 motion for reconsideration (Docket No. 148) is **GRANTED,** to the extent that, while Alloc may re-depose Tack, Theirs, Cappelle, and Van Hooydonck at Unilin's expense about what tests and/or studies of the accused product were done in anticipation of this litigation, facts derived from such testing and/or studies and about the existence or non-existence of documents relating to such testing and/or studies, Alloc may not inquire regarding Unilin's attorney's (or his agent's) mental impressions, conclusions, opinions or legal theories regarding the testing and/or studies of the accused product conducted in anticipation of litigation.

Unilin's motion to file a reply brief (Docket No. 154) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 16th day of September, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**