**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

ALLOC, INC.,

                **Plaintiff,**

    vs.

                                            **Case No. 02-C-1266**

UNILIN DÉCOR N.V. and UNILIN BEHEER B.V.,

                **Defendants,**

    vs.

BERRY FLOOR N.V., BERRY FINANCE, N.V., and
ARMSTRONG WORLD INDUSTRIES, INC.,

                **Counterclaim Defendants.**

UNILIN DÉCOR N.V. and UNILIN BEHEER B.V.,

                **Plaintiffs,**

    vs.

                                           **Case No. 03-C-342**
                                           **[Consolidated with**
                                             Case No. 02-C-1266]**

VÄLINGE ALUMINUM AB, ALLOC, INC., and
BERRY FLOOR N.V.,

                **Defendants.**

**UNILIN BEHEER B.V. and UNILIN DÉCOR N.V.,**

**Plaintiffs,**

vs.

Case No. 04-C-121
[Consolidated with
Case No. 02-C-1266]

**VÄLINGE ALUMINUM AB,
ALLOC, INC.,
BERRY FLOOR N.V., and
ARMSTRONG WORLD INDUSTRIES, INC.,**

**Defendants.**

## DECISION AND ORDER

This patent infringement action is before the Court on Alloc, Inc.'s ("Alloc") Civil L. R. 7.4 (E.D. Wis.) expedited non-dispositive Motion to Compel Answers to Questions at Deposition and for Production of Documents Regarding Basis for "Petition to Make Special." (Docket No. 143). Alloc seeks an order compelling J. Ernest Kenney ("Kenney"), attorney for Unilin Beheer B.V. ("Unilin"), to submit to further deposition to answer questions regarding a "Petition to Make Special (Infringement)" ("Petition"), filed with the United States Patent and Trademark Office ("USPTO") during prosecution of the application resulting in United States

Patent Number 6,490,836 ("the '836 Patent").[1] Alloc seeks to compel Kenney's testimony concerning the bases for his infringement opinion and analysis and his knowledge of the prior art as they relate to his representations in the Petition, and to compel production of all documents regarding the Petition and the representations made to the USPTO therein.

In the Petition, Kenney stated that he "made a rigid comparison of the infringing product with the claims of this application and, in [his] opinion, at least one of the claims is unquestionably infringed," and represented that he "has a good knowledge of the pertinent prior art, all of which is of record in this application." (Alloc Mot. to Compel Dep. Test. and Produc. of Doc. Relating to Pet. to Make Special ("Alloc Mot."), Ex. A (Pet.) at 1.) During Kenney's July 5, 2005, deposition, Alloc's counsel posed multiple questions to Kenney regarding his infringement analysis and knowledge of the prior art. (*See* Decl. of Art C. Cody ("Cody Decl.") Ex. A.) Unilin's counsel instructed Kenney not to answer a number of these questions – as to certain questions he relied on the "work product" doctrine, as to others he relied on the attorney-client privilege, and as to several questions counsel relied on both "work product" and attorney-client privilege. *Id*.

Alloc makes the conclusory statement that Unilin's claim of "work product" is without merit. (Alloc Mem. 3) Alloc further asserts that "full discovery on the bases for the representations made to the USPTO" should be allowed because, even assuming the information and documents sought are otherwise privileged, "any privilege has been waived by filing the Petition." (*Id*. at 2, 3.) Specifically, Alloc maintains that "by making representations to the

---

[1] The Petition requested expedited handling of the patent application. *See* 37 C.F.R. § 1.102 (1992); USPTO *Manual of Patent Examining Procedure* ("MPEP"), § 708.02 (8th ed. rev. 3 Aug. 2005) (setting forth requirements for petitions to make special.)

–3–

USPTO about his knowledge of the prior art," Kenney waived the subsequently invoked privileges. *Id.* Alloc also asserts that Unilin withheld from production all documents regarding the Petition and the representations made within that Petition. (*Id.* at 2.)

Unilin, on the other hand, relying on Kenny's sworn declaration, contends that Kenney's analysis and knowledge of the prior art are fully protectable under the "work product" doctrine and attorney-client privilege. (Unilin Mem. in Opp'n to Alloc's Mot. to Compel Dep. Test. and Produc. of Docs. Relating to the Pet. ("Unilin Opp'n Mem.") 1.) Further, Unilin argues that no waiver occurred because the Petition was filed in a separate proceeding and the bases for the representations have not otherwise been placed at issue in the present infringement action. (*Id.* 2, 3.)

*Work Product Doctrine*

In regard to the assertions of "work product" doctrine, the party asserting the privilege bears the burden of proving its existence with respect to the particular material requested. *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996). Federal Rule of Civil Procedure 26(b)(3) states:

> A party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental

> impressions, conclusions, opinions, or legal theories of an attorney
> or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3). Under Rule 26(b)(3), "if a party demonstrates that materials in its possession that would otherwise be discoverable were prepared in anticipation of litigation, the materials are considered work product." *Logan*, 96 F.3d at 976. To overcome the qualified privilege of the work product doctrine, the party seeking disclosure must "demonstrate[] both a substantial need for the materials and that it would suffer undue hardship in procuring the requested information some other way." *Id*.

Unilin refers to Kenney's "analysis," "knowledge," and "work" in a general sense, without distinguishing between tangible and intangible work product. (Unilin Opp'n Mem.1-3.) As previously noted in the September 16, 2005, decision and order on Unilin's motion for reconsideration of the Court's August 29, 2005, decision and order granting Alloc's August 1, 2005, motion to compel, there is some disagreement among the courts as to whether the privilege extends to intangible subjects, such as the testimony of an attorney. *Alloc v. Unilin Décor N.V.*, Case No. 02-C-1266, slip op. at 6-7 (citing cases) (E.D. Wis. Sept. 16, 2005), *writ of mandamus denied* (Fed. Cir. Oct. 24, 2005) (Misc. No. 802).

This Court held that, though Rule 26(b)(3) appears on its face to apply only to documents and other tangible materials, it is appropriate under *Hickman v. Taylor*, 329 U.S. 495 (1947), to expand the "work product" doctrine beyond the confines of tangible documents, reasoning that "a necessary corollary is that protected work product contained in documents and tangible things cannot be obtained through less tangible methods such as the deposition

questioning of persons with knowledge of the protected information." *Alloc*, Case No. 02-C-1266, slip op. at 7 (quoting *Niagra Mohawk Power Corp. v. Stone & Webster Eng'g*, 125 F.R.D. 578, 586 (N.D.N.Y. 1989)).

However, the Court also cautioned that lest the extension of the "work product" doctrine to intangibles unrestrictedly expand the doctrine, the protected intangible information must be considered against the doctrine's intended purpose and limited within that purpose – it must protect the lawyer's (or the lawyer's agent's) mental impressions, conclusions, opinions or legal theories concerning the instant litigation. *Alloc*, Case No. 02-C-1266, slip op. at 8. Specifically, "a deponent in the course of a deposition may not be asked questions that would reveal expressly his or his lawyer's mental impressions, conclusions, opinions, or legal theories concerning the instant litigation." *Id.* (citations omitted). However, the "work product" doctrine does not protect discovery of the underlying facts of a particular dispute, even if a deponent's response to a particular factual question is based upon information provided by counsel. *Id.* Any fact derived from the testing of the accused product, is not encompassed by the "work product" doctrine and is subject to inquiry. *Id.*

Kenney avers that he was made aware of Unilin's on-going and contemplated infringement litigation against Alloc and others prior to performing his infringement analysis and prior to filing the Petition. (Kenney Decl. ¶¶ 2, 3.) Thus, Unilin has established that the Petition was filed in furtherance of, or in preparation for, litigation. Therefore, the "work product" doctrine applies to any documents or testimony revealing Kenney's infringement analysis and his knowledge of the prior art as represented in the Petition. Unilin, in the course of Kenny's

deposition, properly declined to have Kenny answer questions that would expressly reveal Kenny's mental impressions, conclusions, opinions, or legal theories concerning the instant litigation. *See Barrett Indus. Trucks, Inc. v. Old Republic Ins. Co.*, 129 F.R.D. 515, 518 (N.D. Ill. 1990). Likewise, documents which would reveal Kenny's mental impressions, conclusions, opinions, or legal theories concerning the Petition are protected by the "work product" doctrine. *See In re Minebea*, 143 F.R.D. 494, 501-02 (S.D.N.Y. 1992).

*Attorney-Client Privilege*

With respect to the assertions of attorney-client privilege, such a privilege is generally found "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client." *Radiant Burners, Inc. v. Am. Gas Ass'n.*, 320 F.2d 314, 319 (7th Cir. 1963). "The central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services." *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed. Cir. 2000). The attorney-client privilege protects such communications from disclosure unless the protection is waived. *Radiant*, 320 F.2d at 319.

Kenney avers that he is "the patent attorney . . . for Unilin Beheer B.V." and that "Unilin asked [him] to analyze at least one product to determine if it infringed any of the claims that were then pending in the application." (Kenney Decl. ¶¶ 1, 3.) Kenney further states that if he did find that a product infringed a claim, "Unilin intended to request . . . that the [USPTO] examine the application on an expedited basis." *Id.* As such, Unilin has established that it made communications to Kenny in his professional capacity for the purpose of obtaining legal advice

or services. To the extent Kenney refused to answer questions regarding this legal advice based on the attorney-client privilege, the privilege is applicable because it would have required him to reveal such confidential communications.

*Waiver*

Alloc argues that Kenney's representations in the Petition constituted a waiver of the attorney-client privilege and the "work product" doctrine. But, Kenney disclosed less information to the USPTO than he disclosed at his deposition. Kenney's statements in the Petition simply tracked the language set forth in the *Manual of Patent Examining Procedure*, §708.02, and did not disclose or reveal the bases for his representations in the Petition. (*See* Alloc Mot. Ex. A at 1). Therefore, Alloc's assertion that Unilin has used the bases of Kenney's representations as both a "sword" and "shield" is inapt.

Further, the cases cited by Alloc state that the attorney-client privilege is waived when the "client asserts claims or defenses that put his attorney's advice at issue in the litigation."[2] *Adams v. Ardcor*, 196 F.R.D. 339, 342 (E.D. Wis. 2000) (quoting *Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1175 n. 1 (7th Cir. 1995)). "The advice of counsel is placed in issue when the client . . . attempts to prove that claim or defense by disclosing or describing an attorney client communication." *Id*. at 342-43 (quoting *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994)). Here, Unilin is not attempting to prove infringement by

---

[2]The four cases relied upon by Alloc in its "sword" and "shield" waiver argument involve the following. *See Adams*, 196 F.R.D. at 342 (waiver of psychotherapist privilege); *Manning v. Buchan*, 357 F. Supp. 2d 1036, 1048 (N.D. Ill. 2004) (waiver of work product protection and attorney-client privilege); *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 513 (D. Del. 2005)(waiver of attorney-client privilege); *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272-73 (Fed. Cir. 2001)(waiver of attorney-client privilege).

disclosing Kenney's analysis or knowledge. (*See* Unilin Opp'n Mem. 3.) Therefore, Unilin has not waived its attorney-client privilege or the protection of the "work product" doctrine.

*Conclusion*

In sum, Unilin properly instructed Kenney not to answer questions on the basis of the "work product" doctrine in regard to his infringement analysis and knowledge of the prior art referenced and/or on the basis of the attorney-client privilege insofar as answering the questions would have revealed confidential communications. No waiver of either the "work product" doctrine or the attorney-client privilege occurred as a result of Kenney's representations in the Petition.

However, the "work product" doctrine does not protect discovery of the underlying facts of a particular dispute. Thus, to the extent that Unilin has withheld Kenny's testimony or documents containing underlying facts regarding the Petition which do not expressly reveal Kenny's mental impressions, conclusions, opinions, or legal theories, **and** that testimony or document(s) is not within the attorney-client privilege, Kenny's deposition must be reconvened and the withheld documents produced, at Unilin's expense. Thus, Alloc's motion to compel answers to questions at deposition and for production of documents regarding the basis for the Petition to Make Special is granted to that extent and denied in all other respects.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Alloc's Civil L.R. 7.4 motion to compel answers at depositions and for production of documents regarding the basis for the Petition to Make Special (Docket No. 143) is **GRANTED** to the extent that Unilin has withheld Kenny's testimony or documents containing underlying facts regarding the Petition which do not expressly reveal Kenny's mental impressions, conclusions, opinions, or legal theories, **and** that testimony or document(s) is not within the attorney-client privilege, Kenny's deposition must be reconvened and the withheld documents produced, at Unilin's expense. In all other respects, the motion is **DENIED**.

Unilin **SHALL** comply with this order by **no later than January 20, 2006**.

Dated at Milwaukee, Wisconsin this 6th day of December, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**