| | |
|---|---|
| ALLOC, INC., | ) |
| Plaintiff, | ) Case No.: 02-C-1266 (RTR) |
| v. | ) |
| UNILIN BEHEER B.V., and<br>FLOORING INDUSTRIES LIMITED | ) |
| Defendants, | ) |
| v. | ) |
| BERRY FLOOR, N.V., and<br>ARMSTRONG WORLD INDUSTRIES, INC. | ) |
| Counterclaim Defendants. | ) |
| UNILIN BEHEER B.V.,<br>FLOORING INDUSTRIES LIMITED, and<br>BHK of AMERICA, INC. | ) Case No.: 03-C-342 (RTR) |
| Plaintiffs, | ) |
| v. | ) |
| VALINGE ALUMINUM, AB; ALLOC INC., and<br>BERRY FLOOR N.V. | ) |
| Defendants, | ) |
| UNILIN BEHEER B.V., and<br>FLOORING INDUSTRIES LIMITED | ) |
| | ) Case No.: 04-C-121 (RTR) |
| Plaintiffs, | ) |
| v. | ) |
| VÄLINGE ALUMINUM, AB; ALLOC INC.;<br>BERRY FLOOR N.V., and ARMSTRONG WORLD<br>INDUSTRIES, INC. | ) |
| Defendants | ) |

## AMENDED CONSOLIDATED COMPLAINT

Plaintiffs Unilin Beheer ("Unilin Beheer") and Flooring Industries ("Flooring Industries") (collectively, "Plaintiffs"), for their Complaint against defendants Välinge Aluminum AB ("Välinge Aluminum"), Alloc, Inc. ("Alloc"), Berry Floor, N.V. ("Berry Floor"), and Armstrong World Industries, Inc. ("Armstrong") (collectively "Defendants"), allege as follows:

## THE PARTIES

1. Plaintiff Unilin Beheer is a corporation organized and existing under the laws of The Netherlands and having its principal place of business at Hoogeveenenweg 28, Postbus 135, 2910 AC, Nieuwerkerk aan den Ijssel, The Netherlands.

2. Plaintiff Flooring Industries is a corporation organized and existing under the laws of Ireland and having its registered office at Westblock I.F.S.C., Dublin 1, Republic of Ireland.

3. Upon information and belief, Defendant Välinge Aluminum is a corporation organized and existing under the laws of Sweden having its principal place of business at Kyrkograndlen 1, S-260 40 Viken, Sweden.

4. Upon information and belief, Defendant Alloc is a corporation organized and existing under the laws of Delaware and having its principal place of business at 3441 S. Memorial Drive, Racine, Wisconsin 53403.

5. Upon information and belief, Defendant Berry Floor is a corporation organized and existing under the laws of Belgium and having its principal place of business at Industreilaan 100, B-8930, Menen, Belgium.

6. Upon information and belief, Defendant Armstrong is a corporation organized and existing under the laws of Pennsylvania and having its principal place of business at 2500 Columbia Avenue, Lancaster, Pennsylvania 17603. Plaintiffs bring their claim against Armstrong only as it relates to acts occurring after December 6, 2000, the date upon which Armstrong filed for voluntary reorganization under Chapter 11 of the U.S. Bankruptcy Code in Delaware (the "Petition Date").

7. Upon information and belief, Alloc was at one time a wholly-owned subsidiary of Välinge Aluminum. Upon information and belief, Alloc is now a wholly-owned subsidiary of Berry Finance.

## FACTS

8. Plaintiff Unilin Beheer is in the business of designing, manufacturing, and selling high technology floor coverings.

9. Plaintiff Flooring Industries is in the business of selling high technology floor coverings.

10. United States Letters Patent No. 6,006,486, entitled "Floor Panel With Edge Connectors" ("the '486 patent"), duly and legally issued to Moriau et al., on December 28, 1999. A true and correct copy of the '486 patent is attached as Exhibit A.

11. United States Letters Patent No. 6,490,836, entitled "Floor Panel With Edge Connectors" ("the '836 patent"), duly and legally issued to Moriau et al., on December 10, 2002. A true and correct copy of the '836 patent is attached as Exhibit B.

12. United States Letters Patent No. 6,928,779, entitled "Floor Panel With Edge Connectors" ("the '779 patent"), duly and legally issued to Moriau et al., on August 16, 2005. A true and correct copy of the '779 patent is attached as Exhibit C.

13. Unilin Beheer is the assignee of the '486, '836 and '779 patents. Flooring Industries is the exclusive licensee of the '486, '836 and '779 patents, and as such holds rights in and to the '486, '779 and '836 patents, including full rights to enforce and sue for damages by reason of infringement.

14. Upon information and belief, Defendant Välinge Aluminum is engaged in substantial and not isolated activities in the state of Wisconsin, including but not limited to inducing infringement of the '486, '836 and '779 patents, and is therefore subject to personal jurisdiction under Wis. Stat. § 801.05(1)(d).

15. Upon information and belief, Defendant Välinge Aluminum has engaged in acts within this state causing injury to the Plaintiffs, including but not limited to inducing infringement of the '486, '836 and '779 patents, and is therefore subject to personal jurisdiction under Wis. Stat. § 801.05(3).

16. Upon information and belief, Defendant Välinge Aluminum's actions or omissions outside this state, including but not limited to inducing infringement of the '486, '836 and '779 patents, has given rise to injuries to the Plaintiffs. At the time of these injuries, solicitation or service activities were carried on within this state by or on behalf of Välinge Aluminum; or products, materials, or things processed, serviced, or manufactured by Välinge Aluminum were used or consumed within this state in the ordinary course of trade. Defendant Välinge Aluminum is therefore subject to personal jurisdiction under Wis. Stat. § 801.05(4).

17. Upon information and belief, Defendant Alloc is engaged in substantial and not isolated activities in the State of Wisconsin, including but not limited to maintaining its principal place of business in Wisconsin, and is therefore subject to personal jurisdiction under Wis. Stat. § 801.05(1)(d).

18. Upon information and belief, Defendant Alloc has engaged in acts of infringement within this state causing injury to the plaintiffs, including but not limited to the manufacture and sale of products infringing the '486, '836 and '779 patents, and therefore is subject to personal jurisdiction under Wis. Stat. § 801.05(3).

19. Upon information and belief, Defendant Alloc's actions or omissions outside this state, including but not limited to inducing infringement of the '486, '836 and '779 patents, has given rise to injuries to the Plaintiffs. At the time of these injuries, solicitation or service activities were carried on within this state by or on behalf of Alloc; or products, materials, or things processed, serviced, or manufactured by Alloc were used or consumed within this state in the ordinary course of trade. Defendant Alloc is therefore subject to personal jurisdiction under Wis. Stat. § 801.05(4).

20. Upon information and belief, Defendant Berry Floor is engaged in substantial and not isolated activities in the State of Wisconsin, including but not limited to licensing the manufacture

MILW_1942947.1

Case 2:02-cv-01266-RTR    Filed 01/17/06    Page 4 of 10    Document 224

and sale of its floor paneling products to Alloc, and is therefore subject to personal jurisdiction under Wis. Stat. § 801.05(1)(d).

21. Upon information and belief, Defendant Berry Floor has engaged in acts within this state causing injury to the plaintiffs, including but not limited to inducing infringement of the '486, '836 and '779 patents, and is therefore subject to personal jurisdiction under Wis. Stat. § 801.05(3).

22. Upon information and belief, Defendant Berry Floor's actions or omissions outside this state, including but not limited to inducing infringement of the '486, '836 and '779 patents, have given rise to injuries to the Plaintiffs. At the time of these injuries, solicitation or service activities were carried on within this state by or on behalf of Berry Floor; or products, materials, or things processed, serviced, or manufactured by Berry Floor were used or consumed within this state in the ordinary course of trade. Defendant Berry Floor is therefore subject to personal jurisdiction under Wis. Stat. § 801.05(4).

23. Upon information and belief, Defendant Armstrong has, after the Petition Date, engaged in substantial and not isolated activities in the state of Wisconsin, including but not limited to advertising its products in Wisconsin and having product retailing in Wisconsin, and is therefore subject to personal jurisdiction under Wis. Stat. § 801.05(1)(d).

24. Upon information and belief, Defendant Armstrong has, after the Petition Date, engaged in acts within this state causing injury to the Plaintiffs, including but not limited to the sale of its products infringing the '486, '836 and '779 patents, and therefore is subject to personal jurisdiction under Wis. Stat. § 801.05(3).

25. Upon information and belief, Defendant Armstrong's actions or omissions outside this state after the Petition Date, including but not limited to the sale of products infringing the '486, '836 and '779 patents, have given rise to injuries to the Plaintiffs. At the time of these injuries solicitation or service activities were carried on within this states by or on behalf of Armstrong; or products, materials, or things processed, serviced, or manufactured by Armstrong were used or consumed

within this state in the ordinary course of trade.  Defendant Armstrong is therefore subject to personal jurisdiction under Wis. Stat. § 801.05(4).

## JURISDICTION AND VENUE

26. This action arises under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction of the claims asserted herein pursuant to 2 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 293.

27. Upon information and belief, venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and (d).

28. Upon information and belief, personal jurisdiction is proper in this district under Wis. State. § 801.05(1)(d), (3), and (4).

## AS AND FOR A FIRST CAUSE OF ACTION
(Infringement of U.S. Patent 6,006,486)

29. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 28 above as though fully set forth here.

30. Defendants Välinge Aluminum, Alloc, and Berry Floor have infringed, and are infringing, at least one claim of the '486 patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, including in this District, floor coverings, including but not limited to the "Fiboloc", "Berryloc", "Alloc Home" and/or "Swiftlock" products, and/or are inducing or contributing to such infringement in violation of 35 U.S.C. § 271.

31. Upon information and belief, defendants Välinge Aluminum, Alloc, and Berry Floor have willfully infringed, and continue to willfully infringe, the '486 patent.

## AS AND FOR A SECOND CAUSE OF ACTION
(Infringement of U.S. Patent 6,490,836)

32. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 31 above as though fully set forth here.

6

33. All Defendants have infringed, and are infringing, at least one claim of the '836 patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, including in this District, floor coverings, including but not limited to the "Fiboloc", "Berryloc", "Alloc Home" and/or "Swiftlock" products, and/or are inducing or contributing to such infringement in violation of 35 U.S.C. § 271.

34. Upon information and belief, all Defendants have willfully infringed, and continue to willfully infringe, the '836 patent.

### AS AND FOR A THIRD CAUSE OF ACTION
(Infringement of U.S. Patent 6,928,779)

35. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 34 above as though fully set forth here.

36. All Defendants have infringed, and are infringing, at least one claim of the '779 patent by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, including in this District, floor coverings, including but not limited to the "Fiboloc", "Berryloc", "Alloc Home" and/or "Swiftlock" products, and/or are inducing or contributing to such infringement in violation of 35 U.S.C. § 271.

37. Upon information and belief, all Defendants have willfully infringed, and continue to willfully infringe, the '779 patent.

WHEREFORE, plaintiffs demand judgment against defendants (including Armstrong, but only against Armstrong for such activities that have occurred after the Petition Date) for:

a. An order and decree that defendants (other than Armstrong) have infringed at least one claim of the '486 patent;

b. An order and decree that defendants have infringed at least one claim of the '836 patent;

MILW_1942947.1

Case 2:02-cv-01266-RTR    Filed 01/17/06    Page 7 of 10    Document 224

c. An order and decree that defendants have infringed at least one claim of the '779 patent;

d. An order and decree that defendants (other than Armstrong) have induced and/or contributed to the infringement of at least one claim of the '486 patent;

e. An order and decree that defendants have induced and/or contributed to the infringement of at least one claim of the '836 patent;

f. An order and decree that defendants have induced and/or contributed to the infringement of at least one claim of the '779 patent;

g. A permanent injunction prohibiting defendants (other than Armstrong) from infringing, or inducing and/or contributing to the infringement of, the '486 patent;

h. A permanent injunction prohibiting defendants from infringing, or inducing and/or contributing to the infringement of, the '836 patent;

i. A permanent injunction prohibiting defendants from infringing, or inducing and/or contributing to the infringement of, the '779 patent;

j. A permanent injunction precluding defendants (other than Armstrong) from making, using, offering for sale, selling and/or importing any product which infringes any claim of the '486 patent, including the "Fiboloc", "Berryloc", "Alloc Home" and/or "Swiftlock" products;

k. A permanent injunction precluding defendants from making, using, offering for sale, selling and/or importing any product which infringes any claim of the '836 patent, including the "Fiboloc", "Berryloc", "Alloc Home" and/or "Swiftlock" products;

8

l. A permanent injunction precluding defendants from making, using, offering for sale, selling and/or importing any product which infringes any claim of the '779 patent, including the "Fiboloc", "Berryloc", "Alloc Home" and/or "Swiftlock" products;

m. An award of damages, including lost profits, in favor of Flooring Industries adequate to compensate Flooring Industries for infringement of the '486 patent;

n. An award of damages, including lost profits, in favor of Flooring Industries adequate to compensate Flooring Industries for infringement of the '836 patent;

o. An award of damages, including lost profits, in favor of Flooring Industries adequate to compensate Flooring Industries for infringement of the '779 patent;

p. An order adjudging and decreeing that defendants (other than Armstrong) have willfully infringed the '486 patent;

q. An order adjudging and decreeing that defendants have willfully infringed the '836 patent;

r. An order adjudging and decreeing that defendants have willfully infringed the '779 patent;

s. An award of treble damages based on defendants' (other than Armstrong's) willful infringement of the '486 patent;

t. An award of treble damages based on defendants' willful infringement of the '836 patent;

u. An award of treble damages based on defendants' willful infringement of the '779 patent;

v. An award of attorney fees and costs of suit; and

w. Such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues triable to a jury.

Dated: January 17, 2006

                                FOLEY & LARDNER LLP

                                By: s/ G. Michael Halfenger
                                    G. Michael Halfenger
                                    777 East Wisconsin Avenue
                                    Milwaukee, Wisconsin 53202
                                    Telephone:  (414) 271-2400
                                    Facsimile:   (414) 297-4900

OF COUNSEL:

WILLKIE FARR & GALLAGHER LLP
John M. DiMatteo
Art C. Cody
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 728-8000
Facsimile:   (212) 728-8111

10