# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALLOC, INC.,

          **Plaintiff,**

     vs.                             **Case No. 02-C-1266**

UNILIN BEHEER B.V., and
FLOORING INDUSTRIES LIMITED,

          **Defendants,**

     vs.

BERRY FLOOR N.V., and
ARMSTRONG WORLD INDUSTRIES, INC.,

          **Counterclaim Defendants.**

---

UNILIN BEHEER B.V.,
FLOORING INDUSTRIES LIMITED, and
BHK OF AMERICA, INC.,

          **Plaintiffs,**

     vs.                             **Case No. 03-C-342**
                                           **[Consolidated with Case No.
02-C-1266]**

VÄLINGE ALUMINUM AB,
ALLOC, INC., and
BERRY FLOOR N.V.,

          **Defendants.**

---

**UNILIN BEHEER B.V., and**
**FLOORING INDUSTRIES LIMITED,**

          **Plaintiffs,**

    **vs.**                                **Case No. 04-C-121**
                                          **[Consolidated with**
                                          **Case No. 02-C-1266]**

**VÄLINGE ALUMINUM AB,**
**ALLOC, INC.,**
**BERRY FLOOR N.V., and**
**ARMSTRONG WORLD INDUSTRIES, INC.,**

          **Defendants.**

---

## DECISION AND ORDER

---

        In this patent infringement and invalidity action involving competitors and associated business entities in the laminated flooring business, Unilin Décor N.V. ("Unilin Décor") and Unilin Beheer B.V. (collectively "Unilin") filed a motion to compel the production of various documents from Alloc, Inc. and Berry Floor N.V. (collectively "Alloc") pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.[1] By its motion, Unilin asserts that Alloc has failed to comply with a number of Unilin's discovery requests and that Alloc's compliance with respect to other requests were inadequate and incomplete.

---

[1] As of January 17, 2006, when the amended consolidated complaint was filed, Unilin Décor is no longer a party to this action and Flooring Industries Limited ("Flooring Industries") was substituted in its stead. Thus, this order applies to Flooring Industries as Unilin Décor's substitute.

### *Motion to Compel*

The filing of any discovery related motion must be preceded by a good faith effort by the parties to resolve their discovery disputes. Rule 37 of the Federal Rules of Civil Procedure provides in relevant part:

> A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery . . . [if] a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

Fed. R. Civ. P. 37(a). *See also*, Civ. L.R. 37.1 (E.D. Wis.).

On June 30, 2003, Unilin served its original set of discovery requests. Alloc responded on August 13, 2003, raising numerous objections. By letter dated March 10, 2004, Unilin informed Alloc that many of its responses were deficient. In a letter dated November 9, 2004, Alloc indicated that it would follow-up on the issues raised in Unilin's March 10, 2004, letter. By letter dated November 19, 2004, Unilin set forth its position with respect to each of Alloc's responses to Unilin's production requests. In a letter dated December 3, 2004, Alloc responded to Unilin's March 10, and November 19, 2004, letters. Many objections raised in Alloc's December 3, 2004, letter mirror objections raised in its August 13, 2003, responses to Unilin's requests.

These correspondences satisfy the Court that the parties have complied with the meet-and-confer requirements. The Court finds that Unilin has attempted in good faith to resolve these issues with Alloc and that the parties were unable to reach an agreement.

Nonetheless, in a letter dated February 8, 2006, Alloc notified the Court that the parties had resolved several of their document request issues. In particular, Alloc states that the parties have resolved their disputes about request nos. 12, 19 through 22, 27 through 30, and 35. Also, Alloc has agreed to produce documents sought by Unilin's request nos. 4 through 6. Finally, Alloc states that, with respect to requests nos. 13 through 17, "the parties will exchange updated sales data by agreement." (Letter from David I. Roche to Chief Judge Rudolph T. Randa, 2 (Feb. 8, 2006).) Based on Alloc's representations, the Court finds that the parties have resolved certain discovery disputes and therefore partially mooted Unilin's motion to compel. Certain problems remain, however. Specifically, Alloc objects to the scope of certain requests, and for others, claims that it has produced all existing documents.

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery and provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "[T]he test for relevance in the discovery area is an extremely broad one." *EEOC v. Klockner H & K Machs.*, 168 F.R.D. 233, 235 (E.D.Wis. 1996) (citing *AM Int'l Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D. Ill. 1981)). "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Id.*

Rule 26 imposes few limitations on this broad scope of discovery:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2). The objecting party bears the burden of demonstrating why a particular discovery request is improper. *See Klockner H & K Machs.*, 168 F.R.D. at 235; *Powerlock Sys., Inc. v. Duo-Lok, Inc.*, 54 F.R.D. 578, 579 (E.D. Wis. 1972).

### *Request No. 1: Research & Development*

Request no. 1 seeks all documents concerning the conception, research and development of the allegedly infringing products. Alloc asserts it has produced all documents relating to research and development. (*See* Alloc Mem. of Law in Resp. to Unilin Defs. Mot. to Compel ("Alloc Mem.") 8-9.) But, Alloc also contends that Unilin is not entitled to further documents relating to research and development unless Unilin is able to demonstrate some connection to the issue of infringement. (*Id.*)

Alloc's position on this request is conflicting. Either all documents relating to the research and development of the accused products have been produced or they have not. As stated previously, "[a] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action."

*Klockner H & K Machs.*, 168 F.R.D. at 235. Unilin seeks ostensibly relevant documents in request no. 1 and Alloc has failed to voice a specific objection to their production. Therefore, Unilin's motion to compel is granted with regard to request no. 1 to the extent that Alloc has any additional documents.

<u>*Request No. 2: Manufacturing Process Documents*</u>

Request no. 2 seeks all documents concerning manufacturing process descriptions. Alloc maintains that it did not have adequate notification from Unilin to believe the documents were relevant. Alloc states that it initially objected to the production of these documents because U.S. Patent No. 6,490,836 ("the '836 patent") does not contain any method claims. Alloc states that U.S. Patent No. 6,006,486 ("'486 patent"), which contains method claims, was added to this litigation when the actions were consolidated on September 30, 2004. Nonetheless, Alloc maintains that even after the '486 patent was added to the action, Unilin did not inform it that it was asserting infringement of method claims until after Unilin filed its motion to compel.

Despite Alloc's initial belief that Unilin was not asserting any method claims, the manufacturing process documents are nevertheless relevant for purposes of discovery under Rule 26(b)(1). Section 271 of Title 35 of the United States Code provides, "whoever without authority *makes*, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." Even given Alloc's belief that Unilin was asserting only apparatus claims, *making* a patented apparatus is an infringing activity listed in § 271. Documents relating to the manufacturing of allegedly infringing  products are relevant for purposes of discovery since

–6–

making a patented invention without authorization is, itself, an infringing activity. Furthermore, manufacturing process documents may lead to the discovery of admissible evidence since product features are defined during the manufacturing process. Given the broad scope of discovery allowed by Rule 26 and the likelihood that relevant information will be uncovered, the Court grants Unilin's motion to compel with regards to the documents sought by request no. 2.

*Request Nos. 7 & 10: Consumer Acceptance*

Requests Nos. 7 and 10 seek all documents relating to customer feedback about the accused products and returns, and product return analyses. Alloc asserts that such documentation is irrelevant because consumer complaints and returns are not probative of infringement. Alloc further asserts that the requests are overbroad since the majority of such documents concern complaints about color, warping and everyday usage, which are unrelated to the features at issue in this patent action. Alloc also states that it has produced documents summarizing claims regarding the allegedly infringing products.

Information sought in discovery need only be relevant; that is, likely to lead to the discovery of admissible evidence. Customers' experiences, complaints, praises and/or returns may be indicative of the product's capabilities and limitations. However, unlimited scope of the information sought by these requests makes them overbroad. Documents regarding customer complaints, accolades, or returns based on solely on product color, warping, durability, or other characteristics that are unrelated to allegedly infringed patent claims are not likely to lead to the discovery of admissible evidence. Thus, the motion to compel is granted, in part, with regard to

request nos. 7 and 10. Alloc only need produce those documents relating to customer feedback or product return analyses regarding installation of the accused products.

### *Request No. 11: Product Samples*

Request No. 11 seeks three samples, as sold, of each of the accused products as well as all accompanying materials. Alloc states it will provide samples of allegedly infringing products *manufactured* after the December 28, 1999, issuance of the '486 patent, to the extent the samples exist and have not been previously produced. Unilin responds that Alloc is improperly attempting to limit discovery. After all, acts of infringement include the *sale* of infringing products not just their manufacture. Unilin's position is correct. Alloc must to produce samples of the accused products sold after December 28, 1999, regardless of their manufacturing date. Unilin's motion to compel is granted as to request no 11.

### *Request No. 25: Marketing Documents*

Unilin seeks a sample of each advertisement prepared for, used by, or on behalf , of the accused products. The request includes promotional materials offered at any trade show relating to mechanical locking systems including the "Domotex" and the "Surfaces" shows. Alloc has produced a number of marketing documents, but Unilin is unsatisfied with these productions. Specifically, Alloc has produced printouts from its website and has agreed to produce materials from any trade shows within the last year. Alloc objects on relevancy grounds to producing marketing materials provided by Berry Floor at the Domotex show in Germany.

The Court does not see why an international venue diminishes relevance. If the products sold both domestically and abroad are the same, marketing materials touting the

products' capabilities may be indicative of the products' actual capabilities. Where the materials were distributed is not relevant. Furthermore, Alloc has not presented any rationale for limiting its production to marketing materials distributed during the prior year. This consolidated infringement action has been pending much longer. Alloc's marketing materials may have changed during the pendency of the action. Because Alloc has failed to demonstrate why Unilin's document request was unreasonable, Unilin's motion to compel is granted with respect to request no. 25.

### Request No. 26: Technology Transfers

Request no. 26 seeks all documents from Alloc concerning licenses or other technology transfers relating to the accused products. Alloc has produced all finalized licensing agreements under which it operates. Unilin finds these disclosures insufficient and seeks all documents concerning *negotiation* of the agreements. Alloc states that it does not maintain such documentation and that all relevant and responsive documents have already been produced.

It is unclear whether Alloc is asserting that no further documents exist or that further documents in this category do exist, but would not be relevant. Regardless, all documents relating to technology transfers concerning products accused of patent infringement may be relevant for purposes of discovery. Therefore, the motion to compel is granted as to request no. 26 insofar as any additional documents exist.

### Request No. 31: Communications Regarding the Accused Products

Request no. 31 seeks all communications concerning the accused products received by, or from, all personnel identified as being responsible for the design, development and

marketing of the accused products. Alloc asserts that this request is a fishing expedition and should be limited to the infringement issues in dispute. Alloc states that, because the claims at issue in this litigation involve the installation methods for Alloc's glueless, laminate wood flooring, Unilin should limit request no. 31 to those issues that are relevant to this dispute.

Despite the potential breadth of relevant materials contemplated by Rule 26(b)(1), Unilin's request for *all communications* concerning the accused products received by, or from, all personnel identified as being responsible for the design, development and marketing of the accused products is too broad. The Court adopts Alloc's suggestion that request no. 31 be limited to those documents relating to the installation methods for Alloc's glueless, laminate wood flooring. Thus, Unilin's motion to compel is granted in part for request no. 31. Alloc need only produce the requested communications relating to the installation methods for Alloc's glueless, laminate wood flooring.

### *Requests Nos. 36 & 37: Importation/Sales*

Requests Nos. 36 and 37 collectively seek all documents relating to the importation and sales of the accused products. Alloc does not dispute that it is obligated to produce such information and it states that it has provided a number of documents to Unilin. Alloc has also agreed to produce any additional documents, not protected by the attorney-client privilege or the work product doctrine. However, Alloc apparently has not acted on these representations. Unilin's motion to compel with regard to request nos. 36 and 37 is granted.

*Documents from Pergo vs. Alloc*

Unilin has also requested from Alloc all documents and depositions in connection to the parallel patent infringement suit, *Pergo v. Alloc*, Case No. 02-CV-0736 (E.D. Wis.) ("*Pergo v. Alloc* action"). Unilin contends that the same Alloc products at issue in this action were at issue in the *Pergo v. Alloc* action. Consequently, Unilin seeks all depositions and documents concerning the development, operation, function, design changes, manufacture, sales and marketing of the accused products in the present case. Alloc contends that this request is "llogical" and is essentially a fishing expedition. (Alloc Mem. 14.) Alloc does not explain why this request is outside the scope of discoverable material for the present case and has therefore failed to meet its burden in opposition. The motion to compel is therefore granted with regard to the *Pergo v. Alloc* litigation request, to the extent that the documents and depositions relate to the products at issue in the present case.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Unilin's motion to compel discovery (Docket No. 78) is **GRANTED** in part and **DENIED** in part. Specifically, Unilin's motion to compel is **GRANTED** as to request no. 1, to the extent any further documents exist; request no. 2; request nos. 7 and 10, with respect to customer feedback regarding installation of the allegedly infringing laminated flooring products; request no. 11; request no. 25; request no. 26, insofar as any additional documents exist; request no. 26; request no. 31, with respect to requested communications relating to the installation

methods for Alloc's glueless, laminate wood flooring; request nos. 36 & 37; and the *Pergo v. Alloc* action documents.

Alloc **SHALL** comply with this order by **April 10, 2006**.

Dated at Milwaukee, Wisconsin this 24th day of March, 2006.

**BY THE COURT**

**s/ Rudolph T. Randa**

_____

**Hon. Rudolph T. Randa**
**Chief Judge**