**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ALLOC, INC.,**

                **Plaintiff,**

    **vs.**

                                                  **Case No. 02-C-1266**

**UNILIN DÉCOR N.V. and UNILIN BEHEER B.V.,**

                **Defendants,**

    **vs.**

**BERRY FLOOR N.V., BERRY FINANCE, N.V., and ARMSTRONG WORLD INDUSTRIES, INC.,**

                **Counterclaim Defendants.**

---

**UNILIN DÉCOR N.V. and UNILIN BEHEER B.V.,**

                **Plaintiffs,**

    **vs.**

                                          **Case No. 03-C-342**
                                              **[Consolidated with**
                                              **Case No. 02-C-1266]**

**VÄLINGE ALUMINUM AB, ALLOC, INC., and BERRY FLOOR N.V.,**

                **Defendants.**

---

**UNILIN BEHEER B.V. and UNILIN DÉCOR N.V.,**

           **Plaintiffs,**

  vs.                                        **Case No. 04-C-121**
                                                  **[Consolidated with**
                                                  **Case No. 02-C-1266]**

**VÄLINGE ALUMINUM AB,**
**ALLOC, INC.,**
**BERRY FLOOR N.V., and**
**ARMSTRONG WORLD INDUSTRIES, INC.,**

           **Defendants.**

## DECISION AND ORDER

       This patent infringement action is before the Court on Alloc, Inc.'s ("Alloc") Civil L. R. 7.4 (E.D. Wis.) expedited non-dispositive motion to compel depositions under Federal Rule of Civil Procedure 30(b)(6) (Docket No. 162).[1] Alloc seeks an order compelling Unilin Beheer B.V. and Unilin Décor N.V., ("Unilin") to produce witnesses to testify under Rule 30(b)(6) on subjects set forth in its June 23, 2003, Rule 30(b)(6) notice of deposition of Unilin and its March 31, 2005, supplemental Rule 30(b)(6) deposition notice. Alloc states that Unilin's offer to

---

[1] Also pending is Unilin's Motion to Compel Production of Documents from Defendant Välinge Aluminum AB (Docket No. 238). That motion will be addressed in a separate decision.

retroactively designate Filip Tack ("Tack")[2] and Bernard Thiers ("Thiers")[3] prior testimony deposition as Rule 30(b)(6) testimony is unacceptable.

Unilin maintains that the information sought by the first deposition notice is more appropriately sought through contention interrogatories. Unilin also maintains that as to the second notice, Alloc is attempting to take "two bites at the apple" by deposing the very same witnesses on the very same topics on which they have already been deposed.

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

A notice of deposition made pursuant to Rule 30(b)(6) requires the corporation to produce one or more officers to testify with respect to matters set out in the deposition notice or subpoena. *Marker v. Union Fid. Life Ins. Corp.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989). A party need only designate, with reasonable particularity, the topics for examination. *Id*. "The corporation must

---

[2] Tack, is in-house counsel to Unilin. (Court's September 16, 2005, Decision and Order 3 n.1.)

[3] Thiers, a managing director of the companies in the Unilin group, is the inventor listed on the '486 and '436 Patents. (*Id*. at 3 n.2.)

not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give completely knowledgeable and binding answers on behalf of the corporation." *Id*.

A party may properly resist a Rule 30(b)(6) deposition on the ground that the information sought is more properly sought through contention interrogatories. *See SmithKline Beecham Corp. v. Apotex Corp*., No. 99-C-4304, 2004 WL 739959, at *2 (E.D. Pa. Mar. 25, 2004) (collecting cases). The decision regarding whether to require contention interrogatories is dependant on the particular case. *Id*. In *SmithKline*, the court distinguished *Marker* (upon which Alloc relies) because the defendant did not intend to answer the plaintiff's interrogatories or participate in depositions. *Id*. However, in *Smithkline*, the party from whom discovery was sought was willing to provide discovery – but, not in the form sought. In fashioning a remedy, the *SmithKline* court relied, in part, upon Rule 26(c) of the Federal Rules of Civil Procedure which permits courts to make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including an order . . . that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery." Fed. R. Civ. P. 26(c).

The Court has reviewed the 14 topics listed in Alloc's first notice of deposition. (Alloc Mot. Compel Dep. F.R.C.P. 30(b)(6), Ex. A.) (Deposition testimony was elicited on topic 8 which sought information "any facts or documents regarding experimentation performed on the New Berry Product." (*Id.*)) Having carefully considered the matter, the Court concludes that the information sought on topics 1 though 7 and topics 9 though 14 seeks legal conclusions and

should be sought by means of contention interrogatories. *See SmithKline*, 2004 WL 739959, at * 3-*4. Therefore, this aspect of Alloc's motion to compel is denied.

Alloc's second notice of deposition, which listed 52 topics, presents a different issue. (Alloc Mot. Compel Dep. F.R.C.P. 30(b)(6), Ex. D.) Unilin wants to designate the prior testimony of Tack and Thiers as Rule 30(b)(6) testimony. However, that prior testimony was not obtained as Rule 30(b)(6) testimony on the topics designated in the second deposition notice.

A Rule 30(b)(6) deponent's testimony does not represent the knowledge or opinions of the deponent, but that of the business entity. *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1999). "The designee, in essence, represents the corporation just as an individual represents him or herself at a deposition." *Id.* As succinctly stated in *Taylor*, 166 F.R.D. at 362:

> Rule 30(b)(6) explicitly requires [the defendant] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.

Fed. R. Civ. P. 30(b)(6). The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. *Id.* at 361. Thus, there is a qualitative difference in the testimony that one witness may give as an individual and as a Rule 30(b)(6) deponent.

–5–
Case 2:02-cv-01266-RTR    Filed 08/29/06    Page 5 of 6    Document 260

Alloc is entitled to depose designated Rule 30(b)(6) witnesses, knowing at least by the time of the deposition, that they are designated to testify by Unilin and on what topics they are designated to testify. Unilin may not, as it suggests, review prior deposition testimony and designate it as Rule 30(b)(6) testimony. *See e.g., id.* Thus, Unilin will be required to make Tack and Thier available for deposition under Alloc's second Rule 30(b)(6) deposition notice, at Unilin's expense.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Alloc's Civil L.R. 7.4 motion to compel depositions under Rule 30(b)(6) (Docket No. 162) is **DENIED** as to Alloc's first deposition notice and **GRANTED** as to Alloc's second deposition notice. Unilin will be required to make available for Tack and Thier for deposition under Alloc's second Rule 30(b)(6) deposition notice, at Unilin's expense. Unilin **SHALL** comply with this order by **no later than October 20, 2006**.

Dated at Milwaukee, Wisconsin this 29th day of August, 2006.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**