**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

ALLOC, INC.,

                Plaintiff,

   vs.

                                            Case No. 02-C-1266

UNILIN DÉCOR N.V. and UNILIN BEHEER B.V.,

                Defendants,

   vs.

BERRY FLOOR N.V., BERRY FINANCE, N.V., and
ARMSTRONG WORLD INDUSTRIES, INC.,

                Counterclaim Defendants.

---

UNILIN DÉCOR N.V. and UNILIN BEHEER B.V.,

                Plaintiffs,

   vs.

                                            Case No. 03-C-342
                                            [Consolidated with
                                            Case No. 02-C-1266]

VÄLINGE ALUMINUM AB, ALLOC, INC., and
BERRY FLOOR N.V.,

                Defendants.

---

**UNILIN BEHEER B.V. and UNILIN DÉCOR N.V.,**

**Plaintiffs,**

vs.

Case No. 04-C-121
[Consolidated with
Case No. 02-C-1266]

**VÄLINGE ALUMINUM AB,
ALLOC, INC.,
BERRY FLOOR N.V., and
ARMSTRONG WORLD INDUSTRIES, INC.,**

**Defendants.**

## DECISION AND ORDER

This patent infringement action is before the Court on Unilin Beheer B.V. and Unilin Décor N.V.'s ("Unilin") motion to compel production of documents from defendant Välinge Aluminum AB ("Välinge") (Docket No. 238). Välinge has refused to produce any documents in response to Unilin's first request for production of documents and things served on July 29, 2005. Välinge maintains that the motion to compel is flawed because when it was served with Unilin's request for production it was not accused of infringing the three Unilin patents.

Until January 17, 2006, when Unilin filed its amended consolidated complaint, Välinge was not formally alleged to have infringed upon all three Unilin patents. However, since

the 03-C-342 action was filed, Välinge has been alleged to have infringed upon United States Letters Patent No. 6,006,486 ("'486 Patent").

Under Rule 34 of the Federal Rules of Civil Procedure, as a party which had been properly served with Unilin's first request for production of documents and things, Välinge was obligated to file a *written response* within 30 days of the service of that request. *See* Fed. R. Civ. P. 34(b). From the motion, it is unclear whether Välinge complied with such requirement. But, Välinge produced no documents in response to Unilin's Rule 34 request. In response to Unilin's motion to compel, Välinge contends, for the first time, that it was not formally alleged to have infringed upon the three Unilin patents until after it was served with the request for production.

Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991); *Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ill. 2006). The text of Rule 33 includes an automatic waiver provision where there has been an untimely objection. *Autotech Techs.*, 236 F.R.D. at 398 n.2. Rule 34(b) does not. *Id*. Courts uniformly have interpreted the rules as permitting a finding of waiver where objections are not timely made and the objector cannot show good cause for the delay. *Id.* (citing *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005); *McCormick v. City of Lawrence*, No. 02-2135, 2005 WL 1606595 at *4 (D. Kan. July 8, 2005)).

The advisory committee notes to Rule 34(b), state that "[t]he procedure provided in Rule 34 is essentially the same as that in Rule 33 . . . and . . . the discussion in the note

appended to that rule is relevant to Rule 34 as well." *Autotech Techs*., 236 F.R.D. at 398 n.2. The advisory committee's notes to the 1993 amendments to Rule 33(b) provide that it was intended "to make clear that . . . untimely grounds for objection ordinarily are waived." *Id*.

Välinge did not raise its objection in response to Unilin's request for production. It has not provided good cause for its delay in raising the objection. Therefore, Välinge has waived its objection and will be compelled to produce all non-privileged documents responsive to Unilin's Rule 34 discovery request. Unilin's motion to compel the production of all non-privileged materials sought by its first request for production of documents and things is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Unilin's motion to compel production of documents from Välinge (Docket No. 238) is **GRANTED**. Välinge shall produce all non-privileged documents responsive to Unilin's Rule 34 discovery request no later than September 25, 2006.

Dated at Milwaukee, Wisconsin this 5th day of September, 2006.

**BY THE COURT**

**s/ Rudolph T. Randa**
**Hon. Rudolph T. Randa**
**Chief Judge**